IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DRUE ALLEN HOLLIS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-01142-O-BP |
| § | |
| **TARRANT COUNTY, TEXAS,** § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Drue Allen Hollis sued Defendant Tarrant County, Texas on October 12, 2021. ECF No. 1. By Order dated November 1, 2021, the Court informed Hollis of his responsibility to effect service upon Defendant within ninety days of the Complaint's filing. ECF No. 9. When Hollis did not effect service within that ninety-day window, the Court once again reminded him of his obligation to do so and extended his time to effect service until February 28, 2022. *See* ECF No. 25. Both of the Court's prior orders warned Hollis that noncompliance would result in a recommendation that his case be dismissed under Federal Rule of Civil Procedure 4(m). *See* ECF Nos. 9, 25. Hollis has still not demonstrated proper service upon Defendant, so the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4 provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), plaintiffs have ninety days from the date they file their Complaint to demonstrate such service or show good cause why

they cannot. *See* Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Here, the Court reminded Hollis of his Rule 4 service obligations on two separate occasions. *See* ECF Nos. 9, 25. Each time, the Court notified Hollis that noncompliance may result in dismissal of his action under Rule 4(m). *Id.* As of the date of these findings, conclusions, and recommendation, 142 days have passed since Hollis filed this lawsuit. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Hollis's lawsuit **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for failure to perfect service. The undersigned further notes several pending motions Hollis has filed in this case, despite not effecting service upon Defendant. In light of this proposed ruling, the undersigned **RECOMMENDS** that Judge O'Connor **DENY AS MOOT** the following of Hollis's pending motions: Motion for Summary Judgment (ECF No. 7); Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 16); Motion to Set a Hearing (ECF No. 19); and Motions for Default Judgment (ECF Nos. 20, 22, 24).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on March 3, 2022.

 

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE